CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL - 7 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| T. U. PARKS CONSTRUCTION CO., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERESCO, INC. )<br>)<br>and )<br>)<br>THE SCHOOL BOARD OF PATRICK )<br>COUNTY, VIRGINIA, )<br>)<br>Defendants. ) | CASE NO. 4:11CV00027<br><br>JURY DEMANDED |

## COMPLAINT

Comes now T. U. Parks Construction Co., by and through counsel, and files suit against Ameresco, Inc. and the School Board of Patrick County, Virginia, and for its causes of action would show the Court as follows:

### I.   PARTIES, VENUE, & JURISDICTION

1.   T. U. Parks Construction Co. ("Parks") is a general contractor incorporated under the laws of Tennessee, and has its principal place of business located at 711 Main Street, Chattanooga, Tennessee 37408.

2.   Ameresco, Inc. ("Ameresco") specializes in energy management projects for facilities in North America. Ameresco is incorporated under the laws of Delaware and has its principal place of business located at 111 Speen Street, Framingham, Massachusetts, 01701. It

NEW/NEW/5529062v1

may be served through its registered agent, National Registered Agents, Inc., 4001 N. Ninth Street, Suite 227, Arlington, VA 22203.

3. The School Board of Patrick County, Virginia (the "School Board") is a governmental entity with its offices located at 104 Rucker Street, Stuart, Virginia 24171. It may be served pursuant to Va. Code § 8.01-300 by service on any member.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because it is a dispute between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue lies in this Court under 28 U.S.C. §1391, because Defendant School Board is a citizen and resident of the Western Division of Virginia, a substantial part of the events giving rise to the claims occurred in the Western District of Virginia, and the Western District of Virginia is a judicial district in which Defendant School Board is subject to personal jurisdiction.

## II.   FACTS

6. On or about August 25, 2008, the School Board entered into an agreement with Ameresco, wherein Ameresco was the developer and/or design builder of a construction project known as the Work For The School Facilities Additions and Renovations Project (hereinafter referred to as the "Project"). The Project involved construction work at seven schools located in the school district. The seven schools were: Blue Ridge Elementary; Meadows of Dan Elementary; Patrick Springs Primary; Stuart Elementary; Woolwine Elementary; Hardin Reynolds Memorial; and Patrick County High School.

7. On or about September 4, 2009, Ameresco, as developer and/or design builder, entered into an agreement with Parks, wherein Parks would be the contractor for the Project.

The agreement between Ameresco and Parks is attached hereto as **Exhibit A** and hereinafter referred to as the "Contract."

8. Under the terms of the Contract, Ameresco was to pay Parks $17,476,146.00 "subject to additions and deductions as provided in the contract documents."

9. According to the Contract, the date of commencement for all seven schools was September 4, 2009, but Ameresco failed to issue Notices to Proceed on four of the seven schools, causing a delay in the work for those four schools. The Notices to Proceed for Patrick County High School and Stuart Elementary were not issued until November 2009, thus delaying work on those two schools two months. The Notice to Proceed for Hardin Reynolds was issued in February 2010, delaying Parks for five months. Finally, the Notice to Proceed for Woolwine Elementary was not issued until January 2010, delaying Parks for four months.

10. From November 2009 to February 2010, the Project was further delayed by unusually severe winter weather. Parks suffered damages from this delay and is entitled to an adjustment in the contract price under the terms of the Contract.

11. Further, during the course of the Project, Ameresco authorized Parks to do work in addition to and outside the original scope of the Contract.

12. Parks submitted change orders for the additional work and delays in accordance with the terms of the Contract, but Ameresco has refused to pay those change orders.

13. The change orders that Ameresco has refused to pay are as follows:

   a. CO: 43 Patrick Springs Primary School ($6997.00);

   b. CO: 65 Patrick County High School ($7,463.00);

   c. CO: 66 Stuart Elementary Footings and Walls ($2342.00);

   d. CO: 102 Meadows of Dan Roof ($3,437);

NEW/NEW/5529062v1

e. CO: 108 Stuart Elementary Demolition and Replacement-Ceilings ($8,494.00);

f. CO: 110 Woolwine Elementary Additional Demolition ($2,537.00);

g. CO:114 Woolwine Elementary School elevator ($7,827.00);

h. CO:117 Patrick County High School paint ($4,456.00);

i. CO:118 Meadows of Dan masonry work ($31,732.00);

j. CO: 129 Hardin Reynolds Window Wells ($1,924.00);

k. CO:133 Meadows of Dan wheelchair lift ($25,489.00);

l. CO:134 Patrick Spring Primary School storm pipe ($5,516.00);

m. CO:135 fire alarm existing school ($107,405.00);

n. CO:138 weather delays ($356,150.00);

o. CO:139 Patrick Springs Primary School Yard Inlet ($514.00);

p. CO:140 Patrick Spring Primary School ditch ($1,813.00);

q. CO:141 Blue Ridge Elementary ditch extension ($1,946.00);

r. CO:142 Blue Ridge Elementary monument undercut ($915.00);

s. CO:147 Stuart Elementary School brick restoration ($19,083.00);

t. CO:149 Meadows of Dan General Condition Extension ($18,484.00);

u. CO:150 Summer Schedule Acceleration ($335,246.00);

v. CO:151 site utility allowance ($50,715.00);

w. CO:152 Notice to proceed on four of the seven schools ($66,189.00);

x. CO:154 nail base insulation ($202,543.00);

y. CO:160 Fire Dampers Third Floor of Patrick County High School ($15,205.00);

    z. CO: 163 Patrick County High School first floor ceilings ($37,898.00);

    aa. CO: 164 Blue Ridge Elementary/Patrick Springs insulation ($2,647.00); and

    bb. Builders Risk Insurance Claim for Stuart Elementary ($71,892.00).

Attached as Collective **Exhibit B**. Backup documents have previously been sent to Ameresco.

14. Because Ameresco has breached the contract by not paying Parks the amount owed on the change orders, Parks has suffered damages in the amount of $1,397,223.00, plus interest.

15. In addition to money owed for the above change orders, Ameresco has also refused to pay retainage owed to Parks in violation of the Contract. The total amount owed in retainage is $914,421.65.

16. The Contract provides that all claims and disputes between Ameresco and Parks must be referred to the Neutral, RRMM Architects ("Architect"), for a decision. The Contract further provides that "an initial decision shall be required as a condition precedent to mediation of all Claims between the Design-Builder and Contractor arising prior to the date final payment is due, unless 30 days have passed after the Claim has been referred to the Neutral with no decision having been rendered by the Neutral."

17. All claims were submitted to RRMM on or around May 19, 2010, and RRMM failed to render a decision within 30 days. Subsequently, RRMM rendered a partial decision on some claims, but not all of them.

18. Parks has attempted to schedule a mediation of the disputed claims, but Ameresco has refused to mediate in accordance with the Contract dispute resolution provisions. This failure constitutes a separate breach of the Contract.

### III. CAUSES OF ACTION

#### A. Breach of Contract

19. The foregoing paragraphs are realleged and incorporated as if fully set forth below.

20. Ameresco and Parks entered into a valid contract, whereby Parks would perform the construction work for the project known as the Work for the School Facilities Additions and Renovations Project.

21. Under the contract, Ameresco agreed to pay a certain price for the work done on the project subject to any additions as provided for in the Contract documents.

22. Ameresco delayed commencement of the project on three of the seven schools, causing Parks to suffer delay damages.

23. The Project was also delayed during the winter months due to severe winter weather in the area, causing Parks to suffer delay damages.

24. Further, during the course of the Project, Ameresco authorized Parks to do work in addition to what was provided for in the Contract.

25. After completing the additional work, Parks submitted appropriate change orders in accordance with the contract documents totaling $1,397,223.00.

26. Because Ameresco has refused to pay the change orders, it has breached the Contract.

27. Ameresco has also breached the Contract by not releasing the remaining $914,421.65 in retainage owed Parks in accordance with the Contract.

28. As a result of Ameresco's breach–not paying the change orders and not releasing the retainage– Parks has suffered damages in an amount totaling $2,311,644.65, plus interest under the Contract.

29. Under the Contract, Ameresco is compelled to mediate these claims, which it has refused to do. This is a breach of the Contract.

### B. Quantum Meruit

30. The foregoing paragraphs are re-alleged and incorporated as if fully set forth below.

31. In the alternative to its claim of breach of contract against Ameresco, Plaintiff seeks recovery of funds due it from the School Board under the equitable theory of quantum meruit. No allegations of wrongdoing are made against the School Board, but it has received a benefit from Parks' work under circumstances that require it to pay the value of this benefit.

32. Parks did not have an existing contract with the School Board and, therefore, was not in direct privity with the School Board.

33. By performing the additional work on the Project at the direction of the School Board's agent, Ameresco, Parks provided the School Board, owner of the project, valuable services from which it benefitted substantially.

34. Upon information and belief, the School Board had knowledge of all of the additional work performed by Parks.

35. Parks has never been paid for the additional work, nor has it been paid the retainage it is owed.

36. Under the circumstances surrounding the Project, it would be unjust for the School Board to retain the benefits of the work performed by Parks without paying for them.

NEW/NEW/5529062v1

37. Because Parks performed the additional work on the project and has not been paid, Parks has suffered damages an amount to be determined at trial but in excess of $2 million.

**WHEREFORE**, Parks requests from this Court the following:

1. Entry of an order compelling the required mediation of this dispute.

2. If mediation is unsuccessful, for a judgment for Parks and against Defendants.

3. An award of compensatory damages, along with allowable interest, costs, and attorneys' fees, resulting from Ameresco's breach of the Contract.

4. In the alternative, an award under the theory of quantum meruit against the School Board in an amount to be determined by the jury.

5. That this matter be tried to a jury.

6. All other and further relief to which it is entitled.

Respectfully submitted this 6 day of July, 2011.

**GENTRY LOCKE RAKES & MOORE LLP**

K. Brett Marston, Esq. (VSB No. 35900)
Travis J. Graham, Esq. (VSB No. 75818)
800 SunTrust Plaza
Roanoke, VA 24011
Telephone: (540) 983-9300
Facsimile: (540) 983-9400
marston@gentrylocke.com
graham@gentrylocke.com